## AMOSKEAG MANUFACTURING COMPANY v. EDWIN E. GOODALE.

Where one, by means of a dam, wrongfully causes the water of a river to flow back upon the
  lands of a riparian proprietor perceptibly higher than its natural level, he is liable therefor
  to such proprietor in nominal damages, though no actual damage is caused.
Where a party can maintain an action for a nuisance he may enter and abate it, though at the
  time it caused but nominal damage.
An act of the legislature authorizing a corporation to erect and maintain a dam on their own
  land across the Merrimack river, confers upon the corporation no right to overflow the
  lands of another riparian proprietor without his consent.

TRESPASS *quare clausum fregit*, for entering and wilfully and ma-
liciously removing, breaking and destroying 400 feet of plaintiff's flash-
boards, and pulling out the iron pins against which said flash-boards
rested, which formed a part of said plaintiff's dam, and wilfully turning
aside and diverting the waters of the Merrimack River from plaintiff's
mills, &c.

*Plea*, general issue, with a brief statement that defendant was at the
time when, &c., possessed of a certain tract of land in Hooksett, and
had been so possessed since 1830, bounded, &c., which land was valu-
able for agricultural purposes and for the growth of trees, shrubbery, &c. ;
that plaintiffs contriving, &c., to injure the defendant and to wash, un-
dermine and carry away said soil, and prevent the water from running
off from said premises, had unlawfully erected and maintained their said
dam and flash-boards thereon, and had thereby injured and drowned de-
fendant's said land and had washed away and destroyed portions of the
same, and that defendant's trees and herbage had been greatly injured
and were liable to still further and greater damage ; that the plaintiff,
after due notice to remove said dam and flash-boards, had neglected and
refused so to do, whereupon the defendant entered, as he lawfully might,
and removed said flash-boards, &c., doing no unnecessary damage, &c.,
and alleging that said dam was one and one-half foot higher than it
could rightfully be maintained, and that the flash-boards were kept two
feet above the dam.

The declaration and brief statement may be referred to as parts of this
case.

' In order to show that defendant's acts were malicious, evidence was
admitted subject to defendant's exception, of some acts done and threats
made soon after the date of the writ, in connection with the acts done
and threats made in regard to destroying the dam, before the date of
said writ.

Proper instructions were given to the jury that these subsequent acts
and threats were only to be considered, as bearing upon the motive of
the defendant, in committing the acts, &c., before the date of the said
writ.

Evidence was also admitted, subject to defendant's exception, tending
to show that the defendant's object in doing what he did, in removing
the flash-boards, &c., was to extort money from the plaintiff.

It appeared that defendant entered and took down portions of plain-
tiff's flash-boards at several different times before the date of the writ.

The court instructed the jury, that, although the flash-boards might be

wrongfully upon the dam, and might cause the water to stand higher upon the defendant's banks, at the several times when he removed portions of said flash-boards, than could rightfully be kept there, yet that if the water standing thus, caused the defendant no appreciable injury; that if the dam and flash-boards, only raised the water in such a way as to be a technical invasion of his rights which might by lapse of time ripen into an easement, without doing any appreciable or substantial damage, the defendant would not be justified in entering by force and removing the same; and that the verdict must be for the plaintiff, unless they found that at each of the several times, when, &c., the defendant was being materially injured by reason of said water; that some appreciable injury must at these times be in progress of completion and must be actually being done at these times though it need not all be done, at or about the times of the acts complained of, or that defendant was at said several times apprehensive of immediate material injury; and that, although they might be of the opinion that defendant's land had been substantially injured by means of said flash-boards, before and after said several times, yet that would not constitute a defense unless such injury was being done at said several times as aforesaid.

The plaintiff introduced in evidence the charter of the company and acts of the legislature in amendment thereof, which may be referred to, authorizing the erection of the dam, which the Court ruled (plaintiff excepting) would not protect them, if by means of the dam and flash-boards, they raised the water so as materially to injure the defendant at the time when the flash-boards were removed. Verdict was rendered for plaintiff, which defendant moves may be set aside.

*E. A. Hibbard,* (with whom was *Fellows,*) for defendant.

*S. N. Bell,* for plaintiff.

The acts of the defendant soon after the trespasses may be shown, and the evidence of the same was properly admitted, as tending to show malice. Phil. Ev. V. 1, 475, V. 2, 476. The motives of the defendant were properly inquired into, for, even admitting that for some cause and under some circumstances he had the right to remove the flash-boards, yet he had not the right to do it for the purpose of wantonly or maliciously injuring the plaintiff. *Greenleaf* v. *Francis,* 17 Pick. 117; *Thurston* v. *Hancock,* 12 Mass. 226–7; *Panton* v. *Holland,* 17 Johns. 92–98; *Smith* v. *Kenrick,* 7 C. B. 515. This rule applies to all the evidence admitted, tending to show the motives which actuated the defendant in committing the trespasses complained of. The courts even go so far as to say, "The court will grant an injunction to restrain the exercise of a legal right, which is sought to be enforced for a sinister and inequitable purpose." *Buckland* v. *Gibbens,* Law Rep. Aug. 1863, p. 620; *Portsmouth Aqueduct* v. *Concord & Portsmouth R. R.,* Rock. Co.

The instructions to the jury in reference to the time when the nui-

sance, if there was any, might be abated was in accordance with the decisions in this State and elsewhere.

A thing that will be a nuisance cannot be abated before it actually becomes a nuisance.    *Rex* v. *Wharton*, 12 Mod. 510.

The court instructed the jury, that, no matter how it had been proved to be, on former occasions, unless the defendant proved that at the time he cut away the dam, the frog pond was thus flowed by the dam, he could not justify himself in that part of the defence.    The defendant excepted.    The court say, " By this instruction the judge could only have intended that if there was evidence of flowing before the time in controversy, that could not support the pleas, but that it must be proved that the lot was flowed at the time."    *Great Falls Co.* v. *Worster*, 15 N. H., 442.

To authorize the abating of a nuisance, the thing considered such, must be so at the time it is abated; that it had been a nuisance and was likely to become so again will not justify the proceeding.    *Gates* v. *Blencoe*, 2 Dana 158 ; *Moffet* v. *Brewer*, 1 Iowa, (Green) 348.

The reason assigned for giving a party the right to abate a nuisance is thus stated :    The reason why the law allows this private and summary method of doing oneself justice is because injuries of this kind, which obstruct or annoy such things as are of daily use and convenience, require an immediate remedy and cannot wait for the slow progress of the ordinary forms of justice.    3 Bl. Com. 64.

If the party is suffering only a technical invasion of his rights, without any appreciable injury at the time, he has not the right to abate, and the reason for establishing the right of abatement does not exist. That the party might maintain an action for such a technical interference with his rights may be true, but it by no means follows that a man may take the law into his own hands and right himself.

It is settled that a party may recover some damages whenever another, under a claim of right, assumes to interfere in any way with his property, in a case where the continued exercise of such assumed right would in time ripen into an easement and an incumbrance on the property, though no actual damage be shown; *because the party has no other remedy to protect himself against such encroachments but by a suit for damages.    Bassett* v. *Salisbury Manufacturing Co.*, 28 N. H. 445.

The security of lives and property may sometimes require so speedy a remedy as not to allow time to call on the person on whose property the mischief has arisen to remedy it.    In such cases an individual would be justified in abating a nuisance without notice.    In all other cases of nuisance, persons should not take the law into their own hands, but follow the advice of Lord Hale, and appeal to a court of justice.    *Earl of Lonsdale* v. *Nelson*, 2 B. & C. 302.

That which is authorized by an act of the legislature cannot be a nuisance.    *Iveson* v. *Moore*, Conn. 59.    A party having this license from Government may be liable *civiliter* for a misuse of his privileges on the principle *sic utere tuo ut alienum non lædas*, but not criminally, nor can the erection be abated as a nuisance.    *Crittenden* v. *Wilson*, 5

Cowen, 167 ; *People* v. *Platt*, 17 Johns, 195 ; *First Baptist Church* v. *Utica & Schenectady R. R.*, 6 Barb. Sup. Ct. 313 ; *Stoughton* v. *Wise*, 5 Wis. 29 ; *Hentz* v. *Long Island R. R.*, 13 Barb. 646 ; *Williams* v. *N. Y. Central R. R* , 18 Barb. 222.

The right of the defendants to use the water of the stream for their manufacturing purposes is undisputed, and the right to dam the water and detain it a reasonable time follows as a necessary incident to the right of the user. *Van Hoesen* v. *Coventry*, 10 Barb. 518. And they cannot be compelled to make an artificial reservoir for that purpose. The banks of the stream answer for that purpose. And so long as the water is only nominally detained for this lawful, customary and proper purpose, the adjacent land owners must submit to the indirect and consequential damages resulting to their lands from the use. A proper regard to the natural rights of all will not tolerate any other rule. *Pixley* v. *Clark*, 32 Barb. Sup. Ct. 268.

BARTLETT, J.* After the numerous decisions in this State and elsewhere, we cannot now regard it as an open question, whether the defendant would have been entitled to recover nominal damages of the plaintiffs, if they by their dam wrongfully caused the water of the river to flow back on his land perceptibly higher than its natural level, but without causing any actual damage to the defendant, for the "infringement of his right, which by repetition might ripen into an easement," has been held a sufficient cause of action. *Tillotson* v. *Smith*, 32 N. H. 90 ; *Woodman* v. *Tufts*, 9 N. H. 91 ; *Snow* v. *Cowles*, 22 N. H. 302 ; *Cowles* v. *Kidder*, 24 N. H. 379 and 382 ; *Bassett* v. *Salisbury Co.*, 28 N. H. 455 ; *Gerrish* v. *Newmarket Co.*, 30 N. H. 484 ; 2 Hill. on Torts 115, 126 ; Angell on W. C., 330, 340 ; Washburn on Easements 569 ; and see *Bassett* v. *Salisbury Co.*, 43 N. H. 578 and *Eastman* v. *Amoskeag Co.*, 44 N. H. 159.

Where a party can maintain an action for a nuisance, he may enter and abate it ; *Baten's* case 9 Co. 54 b. ; 3 Blk. Com. 220 ; 2 Hill. on Torts 94 and 97 n, and *Brown* v. *Perkins*, there cited ; 1 Hill. on Torts 147 ; *Great Falls Co.* v. *Worster*, 15 N. H. 438 ; Angell on W. C. sec. 389, and see *Groton* v. *Haines*, 36 N. H. 394 ; even though at the time it caused but nominal damage to him ; *Great Falls Co.* v. *Worster*, 15 N. H. 434 ; *Penruddock's* case 5 Co. 101 b. ; *Adams* v. *Barney*, 25 Vt. 231 ; *Greenslade* v. *Halliday*, 6 Bingh. 379 ; Washburn on Easements, 582, 584, Com. Dig. "Action on the case" D. 4. ; Angell on W. C. sec. 390.

Although in general an erection cannot be abated as a nuisance unless it be such at the time ; *Great Falls Co.* v. *Worster*, 15 N. H. 442 ; Washburn on Easements 583 ; Angell on W. C. secs. 140, 390 ; yet an erection may be a nuisance at a time when it is causing no actual damage ; *Fay* v. *Prentice*, 1 C. B. 828, Broom's Leg. Max. 290 and 292 ; and see *Beach* v. *Trudgain*, 2 Gratt. 219 ; and might have been abated as a nuisance on a *quod permittat* ; *Baten's* Case 9 Co. 53 b. ; or by

---

* Perley, C. J., and Bellows, J., having been of counsel did not sit.

the party whose rights were infringed.  *Penrudddock's* case 5 Co. 101 b.  The remarks of Best. C. J. in *Lonsdale* v. *Nelson*, 2 B. & C. 302, cited by the plaintiff, were made in reference to " nuisances from omission " only ; and the expressions of Fowler, J. in *Graves* v. *Shattuck*, 35 N. H. 269, have reference solely to the necessity of the force used to the protection of the party's property, and not to the general question of a party's right to abate a nuisance which causes him nominal damages.

The instructions of the court that the defendant would be justified in entering to remove the flash-boards wrongfully kept upon the dam only in case they caused him actual damage or made him apprehensive of immediate material injury were erroneous.

Whether a bad motive could make the defendant liable in this suit for an act which violated no right of the plaintiff, (see *Pickard* v. *Collins*, 23 Barb. 459,) we need not consider, for if his act was wrongful, it was competent for the plaintiff to show that it was malicious, as bearing upon the question of damages.  *Perkins* v. *Towle*, 43 N. H. 220 ; *Norris* v. *Morrill*, 40 N. H. 402 ; *Severance* v. *Hilton*, 32 N. H. 293.

The plaintiffs' charter gave them no right to flow the defendant's land without his consent, *Eastman* v. *Amoskeag Co.*, 44 N. H. 160, *Hooksett* v. *Amoskeag Co.*, 44 N. H. 110, and for such wrongful flowage the defendant could still resort to his common law remedies.  *State* v. *Moffet*, 1 Green (Iowa) 248 ; *Renwick* v. *Morris*, 7 Hill 577.

*The verdict must be set aside.*